**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 17-06202-JFW (AFMx)** | Date: November 7, 2017 |

Title:     Irene Blocksom et al. -v- H.I.S. International Tours NY, Inc.

---

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANT:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND, THIRD, FOURTH, FIFTH, AND ELEVENTH CAUSES OF ACTION AND GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SIXTH CAUSE OF ACTION [filed 10/4/17; Docket No. 29]

On October 4, 2017, Defendant H.I.S. International Tours NY, Inc. ("Defendant") filed a Motion to Dismiss the Second, Third, Fourth, Fifth, Sixth, and Eleventh causes of action alleged in Plaintiffs' Complaint. On October 16, 2017, Plaintiffs filed their Opposition. On October 20, 2017, Defendant filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's November 6, 2017 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    Factual and Procedural Background**

    Defendant is a travel agency that specializes in travel between Japan and the United States. It has offices in Japan, New York, and Los Angeles. Plaintiffs Irene Blocksom, Ayane Ito, and Natsumi Garcia (collectively, "Plaintiffs") are employed by Defendant as assistants and administrators in Defendant's Los Angeles office.

    The employees in Defendant's Los Angeles office share a single co-ed employee restroom. On December 14, 2016, Ms. Ito entered the restroom and discovered a camera wrapped in a black cloth under the sink facing the toilet bowl. The camera was on and warm to the touch, suggesting it had been recording for an extended period of time. Ms. Ito promptly notified Adachi Masako and

Susumu Yokota, branch managers of the Los Angeles office, that the camera was in the restroom. Yokota and Masako instructed Ms. Ito not to report the incident to the police until they had an opportunity to investigate the incident. According to Plaintiffs, it was ultimately determined that Yukitoshi Tanigawa, a male employee in the Los Angeles office, was responsible for placing the camera in the restroom.

Immediately after Ms. Ito's conversation with Yokota and Masako, a female employee, S.Y., removed the camera and gave it to Yokota. After taking possession of the camera, Yokota allegedly placed it back in the restroom, without telling any of the employees, in hopes of catching Tanigawa. Defendant's employees then proceeded to use the restroom without knowing that the camera was back in the restroom. The camera remained in the restroom until 9:00 p.m. that evening when Yokota removed it and took it home. Several female employees objected to Yokota's possession of the camera, requesting that Masako (who is female) instead take possession of the camera.

On December 15, 2016, during a morning meeting of employees, Yokota announced that there had been an invasion of privacy of the employees of the company and the company would take appropriate action. Tanigawa was present at the meeting. Ms. Ito did not attend the meeting because she was unable to work as a result of the extreme emotional distress and trauma she suffered from discovering that she had probably been recorded by the camera in the restroom. According to Plaintiffs, Tanigawa's continued presence in the office caused Ms. Blocksom immediate mental trauma, fear, and anxiety. Plaintiffs allege that Defendant was aware of the fact that Tanigawa's continued presence caused hostility in the work environment but failed to take any steps to isolate Tanigawa from the female employees.

After the meeting, at around 10:15 a.m. Masako told S.Y. in a private conversation that the camera was back in the restroom and was recording. S.Y. wanted to call the police, but Yokota, who had subsequently joined the conversation, instructed them not to call the police and advised that the company was "working on it." Around the same time, realizing that he had been caught, Tanigawa collected his belongings and literally ran out the door. Plaintiffs allege that Defendant intentionally provided Tanigawa with advance notice in order to give him time to flee before police were notified of the incident.

Despite Defendant's instruction not to call the police, ten minutes after Tanigawa fled, Ms. Blocksom called the police. The Los Angeles Police Department ("LAPD") arrived that afternoon and completed an Investigative Report. The LAPD also took possession of the camera.

On December 16, 2016 at approximately 6:31 p.m., Ms. Blocksom emailed Defendant's human resources department requesting disability leave due to the camera incident as well as Defendant's alleged cover-up of the incident, including its efforts to minimize the severity of Tanigawa's criminal conduct. Shortly after Ms. Blocksom sent the email, Eri Fujiwara, a manager in Defendant's New York office contacted Ms. Blocksom and advised her that the camera had been placed back in the restroom only in an effort to catch Tanigawa. Fujiwara also told Ms. Blocksom that she had discussed the incident with the LAPD and they considered it a low priority case because the camera was missing a recording chip and, thus, there was no evidence of any actual recordings.

Plaintiffs contend that they have suffered severe emotional distress as a result of the incident and that distress has also caused them to suffer physical ailments. Because of her alleged distress, Ms. Blocksom has been on medical leave since mid-December and is fearful of returning to work. Ms. Ito attempted to return to work, but became ill as a result of her mental distress.

On July 18, 2017, Plaintiffs filed a Complaint in Los Angeles Superior Court against Defendant. Defendant removed the action to federal court on August 22, 2017. Plaintiffs allege state law claims against Defendant for: (1) invasion of privacy; (2) gross negligence; (3) negligence; (4) negligent hiring of an unfit employee; (5) negligent supervision; (6) violation of Civil Code Section 1708(b); (7) hostile work environment; (8) retaliation; (9) failure to prevent harassment; (10) intentional infliction of emotional distress; (11) negligent infliction of emotional distress; (12) failure to pay overtime wages; and (13) unfair business practices in violation of California Business and Professions Code Section 17200 *et seq.* Defendant moves to dismiss Plaintiffs' second, third, fourth, fifth, and eleventh causes of action (the "Negligence-based claims"), as well as Plaintiffs' sixth cause of action.

## II. Legal Standard

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Summit Tech., Inc. v. High-Line Med. Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See, e.g., Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Tech.*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

## III. Discussion

### A. Plaintiffs' Negligence-Based Claims

Defendant seeks dismissal of Plaintiffs' Negligence-based claims on the grounds that the claims are barred by California's workers' compensation exclusivity principles. Under California law, workers' compensation provides the exclusive remedy for any injuries an employee sustains "arising out of and in the course of the employment." Labor Code § 3600(a). In interpreting Section 3600, the California Supreme Court has held that the following categories of injuries arise in the course of employment and are, therefore, subject to workers' compensation exclusivity: (1) "injuries caused by employer negligence or without employer fault"; and (2) "injuries caused by ordinary employer conduct that intentionally, knowingly, or recklessly harms an employee." *Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 713–14 (1994).

There are, however, several recognized exceptions to the workers' compensation exclusivity bar. For example, "conduct that contravenes fundamental public policy and conduct that exceeds the risks inherent in the employment relationship" is not subject workers' compensation. *Howard v. Contra Costa Cnty.*, 2014 WL 824218, at *19 (N.D. Cal. Feb. 28, 2014) (citing *Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 902 (2008)) (internal alterations omitted). Workers' compensation exclusivity also does not apply to an employee's claim for relief, "[w]here the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment." Labor Code § 3602(b)(2).[1] In addition, certain types of "intentional employer conduct" fall outside the scope of workers' compensation. *Fermino,* 7 Cal. 4th at 708.

Defendant contends that Plaintiffs' Negligence-based claims are clearly subject to workers' compensation exclusivity principles because "only intentional employer misconduct is exempt from the exclusivity provisions of the workers' compensation law", and Plaintiffs' Negligence-based claims are not based on Defendant's intentional conduct. Reply 3–4; *Johnson v. CVS Pharmacy, Inc.*, 2011 WL 4802952, at *7 (N.D. Cal. 2011). Plaintiffs argue, however, that their Negligence-based claims are not subject to workers' compensation because: (1) the conduct that caused their

---

[1] The fraudulent-concealment exception is extremely limited. *Evans v. Arizona Cardinals Football Club, LLC*, 2017 WL 3115143, at *2 (July 21, 2017 N.D. Cal.). To prevail under this exception, a plaintiff must prove that (1) the employer knew of his work-related injury; (2) the employer concealed the injury; and (3) the injury was aggravated as a result of the concealment. *Id.*

injuries was not a normal part of the employment relationship; (2) the conduct that caused their injuries violates a fundamental public policy because it is illegal to use a camera to view the interior of a restroom; and (3) Defendant attempted to fraudulently conceal the incident and injuries sustained by Plaintiffs from the police.

Although Defendant's arguments are persuasive, in light of the very lenient standard governing motions to dismiss under Rule 12(b)(6) and the fact that Plaintiffs have raised arguments in their Opposition that require a more fully developed factual record as to the nature of the conduct involved in the incident, the Court concludes that this issue is more appropriately resolved in a motion for summary judgment. Accordingly, the Court denies Defendant's Motion to Dismiss Plaintiffs' Negligence-Based causes of action.

### B. Plaintiffs' Claim for Violation of Civil Code Section 1708.8(b)

Civil Code Section 1708.8 is known as the Anti-Paparazzi statute, and it was enacted in September of 1998 to protect against "the aggressive and often dangerous paparazzi-like behavior of tabloid journalists." *Richardson-Tunnell v. School Ins. Program for Emps.*, 157 Cal. App. 4th 1056, 1063 (2007) (internal citation and quotation marks omitted). Under Section 1708.8(b), "a person is liable for constructive invasion of privacy when the person attempts to capture, in a manner that is offensive to a reasonable person, any type of visual image, sound recording, or other physical impression" of a plaintiff "engaging in a private, personal, or familial activity, through the use of any device, regardless of whether there is a physical trespass, if the image, sound recording, or other physical impression could not have been achieved without a trespass unless a device was used."

Section 1708.8(b) establishes a cause of action for physical invasion of privacy based on trespass. *See Richardson v. Benicia Police Dep't.*, 2014 WL 1513301, at *5 (E.D. Cal. Apr. 11, 2014), *report and recommendation adopted*, 2014 WL 2109940 (E.D. Cal. May 20, 2014) (dismissing an invasion of privacy claim under Section 1708.8 because plaintiff did not allege defendant trespassed onto plaintiff's property with the intent to capture any visual image, sound recording, or physical impression of the plaintiff). As Defendant correctly points out, this Section concerns the use of technology to commit a functional trespass—i.e., where an "image, sound recording, or other physical impression could not have been achieved without a trespass unless the device was used." Thus, to prevail on this claim, Plaintiffs must show that a trespass occurred. Plaintiffs' Complaint is devoid of any allegations that Defendant, or its agents, committed a trespass. Moreover, in light of the fact that Plaintiffs allege that Defendant controlled the premises—including the restroom—where the incident occurred, the Court concludes that Plaintiffs cannot successfully allege that Defendant committed a trespass. Accordingly, Plaintiffs' claim for violation of Civil Code Section 1708.8(b) is dismissed without leave to amend.

**IV.     Conclusion**

      For all the foregoing reasons, Defendant's Motion to Dismiss Plaintiffs' Second, Third, Fourth, Fifth, and Eleventh causes of action is **DENIED**, and Defendant's Motion to Dismiss Plaintiffs' Sixth cause of action is **GRANTED**, without leave to amend.

      IT IS SO ORDERED.